IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**DEBRA WISE, et al.,**

          Plaintiffs,

v.                                   CIVIL ACTION NO.  2:12-cv-01378

**C. R. BARD, INC.,**

          Defendant.

ORDER
(Plaintiffs' Motion to Strike Bard's "Rebuttal Expert Report" of Dr. Butrick)

Pending is Plaintiffs' Motion to Strike Bard's "Rebuttal Expert Report" of Charles W. Butrick, M.D., FPMRS [Docket 82] filed on December 24, 2014. The defendant has responded, and the plaintiffs have not filed a reply. The matter is ripe for consideration.

**I. Background**

This motion involves discussion of three different proposed expert witnesses in this case—Dr. Matthew Clark and Dr. Charles Butrick, both Bard's experts, and Dr. Brian Raybon, the plaintiffs' expert. All three of these experts are medical doctors.

Pursuant to Pretrial Order ("PTO") # 118 and the agreement of the parties, the plaintiffs' deadline to designate and disclose experts in their case in chief was October 9, 2014. Bard's deadline to disclose its case in chief experts was November 13, 2014. As for any rebuttal experts, PTO # 118 required the parties to disclose these experts by December 22, 2014. (*See* PTO # 118 [Docket 15], at 5 ¶ 20).

On October 9, 2014, the plaintiffs timely designated and disclosed Dr. Raybon as its case-

specific expert. (*See* Pls.' Exhibit 1, Pls.' Designation & Disclosure of Case-Specific Experts [Docket 82-1], at 5). Bard also timely disclosed Dr. Clark as its case-specific expert on November 13, 2014. (*See* Pls.' Exhibit 2, Bard's Designation & Disclosure of Case-Specific Experts [Docket 82-2], at 3). That same day, Bard designated and disclosed Dr. Butrick as a *general* expert in *all* Wave 1 and Wave 2 cases and a case-specific expert in six individual cases, although not Ms. Wise's case. (*See* Butrick Initial Report [Docket 82-6], at 2). On December 4, 2014, I entered an order setting trial for February 18, 2015. (*See* Order [Docket 63]). Then, a few weeks later on December 22, 2014, the disclosure date for rebuttal experts, Bard disclosed Dr. Butrick as a "Case-Specific Rebuttal Expert Witness" to allegedly refute Dr. Raybon's *case-specific* opinions concerning Ms. Wise. (*See* Pls.' Exhibit 5 Bard's Disclosure of Butrick [Docket 82-5], at 2). On December 24, 2014, the plaintiffs filed this motion to strike Dr. Butrick's report. (*See* Pls.' Mot. [Docket 82]).

The plaintiffs argue that Bard untimely disclosed Dr. Butrick. According to the plaintiffs, Dr. Butrick's "rebuttal" expert report is, in fact, not a rebuttal at all, but rather additional support for Bard's case in chief. As a result, Bard should have designated and disclosed Dr. Butrick as a case-specific expert in Ms. Wise's case by its November 13, 2014 deadline. Second, the plaintiffs argue that Bard's untimeliness cannot be excused because its failure to disclose Dr. Butrick by its November 13, 2014 deadline was not "substantially justified or . . . harmless." Fed. R. Civ. P. 37(c)(1).

In response, Bard argues that Dr. Butrick's report is, in fact, a true rebuttal and that it accordingly complied with PTO # 118's rebuttal deadline of December 22, 2014. In the alternative, Bard argues that any untimeliness was "harmless." Fed. R. Civ. P. 37(c)(1).

## II. Legal Standard

In the context of expert opinions, the Federal Rules of Civil Procedure define rebuttal evidence as "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). "[A] party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Noffsinger v. Valspar Corp.*, No. 09 C 916, 2011 WL 9795, at *6 (N.D. Ill. Jan. 3, 2011) (citing *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008)). "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996). Similarly, the Fourth Circuit has held that "[o]rdinarily, rebuttal evidence may be introduced only to counter new facts presented in the defendant's case in chief. . . . Permissible rebuttal evidence also includes evidence unavailable earlier through no fault of the plaintiff." *Allen v. Prince George's Cnty., Md.*, 737 F.2d 1299, 1305 (4th Cir. 1984). In other words, rebuttal evidence belongs to the plaintiff.

Accordingly, I will first review Mr. Butrick's "rebuttal" expert report and determine whether it contradicts or rebuts any opinions of Dr. Raybon or whether it simply provides additional support for Bard's case in chief. However, even if I find that Dr. Butrick's report does not contradict or rebut Dr. Raybon's opinions, the inquiry does not end there. Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added); *see Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011). The five factors I must consider to determine whether the failure was

substantially justified or is harmless are:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

*Hoyle*, 650 F.3d at 329 (quoting *S. States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)). With the above standards in mind, I will proceed to review the expert reports. *See Jones v. C. R. Bard, Inc.*, Civ. Action No. 2:11-cv-00114 [Docket 287], at 2-3 (J. Goodwin).

## II. Discussion

### A. *Rebuttal Expert Report*

First, the plaintiffs contend that Dr. Butrick's report is untimely because it is not a true rebuttal of Dr. Raybon's opinions. According to the plaintiffs, "Bard's attempt to identify another urogynecologist to purport to 'rebut' Plaintiffs' urogynecologist is merely an improper attempt to bolster its defense case." (Pls.' Mot. [Docket 82], at 6). They state, "Dr. Clark has already testified in rebuttal to Dr. Raybon's causation opinions as to Mrs. Wise specifically; Bard does not get another bite at that apple." (*Id.*). Moreover, the plaintiffs argue that Dr. Raybon's opinions were available to Bard before its November 13, 2014 expert disclosure deadline, and, thus, any rebuttal by Dr. Butrick is improper because rebuttal evidence is meant "to counter new facts presented[.]" *Allen*, 737 F.2d at 1305. I agree with the plaintiffs.

In his report, Dr. Butrick acknowledges that he had "previously been asked by Bard to offer an objective expert opinion about multiple cases involving transvaginal mesh procedures and pain and, most recently, to provide a rebuttal to Dr. Raybon's report, particularly his opinions offered in the case brought by Debra Wise, 2:12-cv-01378." (Dr. Butrick's "Rebuttal" Report [Docket 82-4], at 1-2). He also identifies alleged flaws in Dr. Raybon's opinions and explains how his opinions differ from Dr. Raybon's. (*See id., e.g.*, at 22 ("Dr. Raybon's Report appears to disregard Ms.

4

Wise's medical history and many important facts including the need for repeated urethral dilatations when she was 19 years old."); *see id., e.g.*, at 24 ("Very important features of the immediate postoperative course include severe 'bladder spasms' and urethral pain, neither of which is fully explored in Dr. Raybon's Report."); *see id., e.g.*, at 28 ("Based on a differential diagnosis and my knowledge and experience treating pelvic pain and pelvic floor disorders, and to a reasonable degree of medical probability and/or certainty, Ms. Wise's pain complaints, contrary to Dr. Raybon's Report, were not caused by the Avaulta devices.").

Even if Dr. Butrick's report counters Dr. Raybon's opinions, characterizing Dr. Butrick as a rebuttal witness for Dr. Raybon is improper. Bard received Dr. Raybon's report over a month before its disclosure deadline on November 13, 2014. By the time of Dr. Butrick's disclosure on December 22, 2014, Dr. Raybon's opinions were certainly not "new facts" to Bard. *Allen*, 737 F.2d at 1305. Moreover, Bard had already timely disclosed Dr. Clark, a case-specific expert for Ms. Wise. Bard may not escape its expert disclosure deadline by merely deeming Dr. Butrick a "rebuttal" expert.

Furthermore, Dr. Butrick's opinions bolster Bard's case in chief. In fact, the form of Dr. Butrick's expert report demonstrates that he simply provides additional support for Bard's case in chief. As I note above, Bard disclosed Dr. Butrick on November 13, 2014 as a general expert in all Wave 1 and Wave 2 cases and a case-specific expert for a handful of plaintiffs, not including Ms. Wise. His initial report contains his general opinions and, then, case-specific opinions on six plaintiffs. (*See* Butrick Initial Report [Docket 82-6]). Dr. Butrick's "rebuttal" report merely restates his already disclosed general opinions and, then, tacks on a case-specific opinion for Ms. Wise. (*See* Butrick "Rebuttal" Report [Docket 82-4]). This is not a true rebuttal report. Bard could have conveniently included Dr. Butrick's specific causation opinion on Ms. Wise in its initial

5

disclosure. It already had Dr. Raybon's opinions at that time.

Moreover, a rebuttal expert's reiteration of already disclosed expert opinions bears on whether the report is, in fact, a true rebuttal. *See Jones*, Civ. Action No. 2:11-cv-00114 [Docket 287], at 4, 5 (finding that the plaintiffs' expert reports were not rebuttals where they merely reiterated "the same opinions already offered by plaintiffs' initial experts"). Here, the fact that Bard had already disclosed Dr. Clark on the issue of specific causation all the more suggests that Dr. Butrick is not a rebuttal expert.

Therefore, I **FIND** that Dr. Butrick's report is not a true rebuttal expert report. Thus, Bard's disclosure of Dr. Butrick on December 22, 2014 was untimely.

### *B. Substantially Justified or Harmless*

Next, I must determine whether Bard's untimeliness is excused under the five factors set forth in *Southern States Rack and Fixture*. *See Hoyle*, 650 F.3d at 329 (quoting *S. States Rack & Fixture*, 318 F.3d at 596). Under Federal Rule of Civil Procedure 37, Bard may still use Dr. Butrick as a specific causation expert in Ms. Wise's case if its late disclosure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In making this determination, I consider the following five factors:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

*Hoyle*, 650 F.3d at 329 (quoting *S. States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003)).

Here, all five factors weigh in favor of striking Dr. Butrick's report. First, in their motion, the plaintiffs state that they were, in fact, surprised to find out that Dr. Butrick had case-specific opinions on Ms. Wise. Bard had already disclosed Dr. Clark as their case-specific urogynecologist.

Also, Bard had already disclosed Dr. Butrick as a case-specific expert for plaintiffs other than Ms. Wise. As a result, it is reasonable that the plaintiffs dismissed the chance that Dr. Butrick would be a specific causation expert in the instant case. As for the second and third elements, the plaintiffs would have to take Dr. Butrick's deposition on Ms. Wise in order to cure that surprise. Conducting this deposition, however, would disrupt the plaintiffs' pretrial preparation. Also, although the plaintiffs have filed a *Daubert* motion to exclude certain general opinions of Dr. Clark, they have not challenged his specific causation opinions. As a result, Dr. Butrick's case-specific opinions may disrupt the trial. His opinions are likely cumulative of Dr. Clark's opinions, and, therefore, Dr. Butrick's proffer at trial will simply be wasteful. Fourth, Bard's mere labeling of Dr. Butrick as a "rebuttal" expert is not a sufficient explanation for its untimely disclosure. Finally, as for the fifth element, specific causation is important evidence for trial. However, the importance of Dr. Butrick's testimony is diminished because Dr. Clark has already offered testimony in this area.

Therefore, I **FIND** that Bard's late disclosure of Dr. Butrick was not substantially justified or harmless. Thus, Bard may not use Dr. Butrick as a case-specific witness at trial.

### IV. Conclusion

Therefore, the plaintiffs' motion to strike Dr. Butrick's "rebuttal" expert report is **GRANTED** [Docket 82]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 3, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE